**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ebony Payne, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 26 CV 06886 |
| | ) | |
| Jay Robert Pritzker, in his official capacity as Governor of Illinois, et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants' unopposed motion to stay pleading deadlines [45] is granted. A revised schedule will be set after resolution of the motion for a preliminary injunction. The motion of Brenda Boutte, Sophie Meyn, Maureen Statland, Deb Roberts, and Compassion & Choices Action Network to intervene [32] is denied for the reasons stated below.

## STATEMENT

In this lawsuit, two chronically disabled individuals and six organizations that advocate for disability rights challenge the validity of the Illinois End-of-Life Options for Terminally Ill Patients Act ("the "Act"), which is set to take effect on September 12, 2026. The Act creates a process under which qualified patients with terminal illnesses, who have six months or less to live, can obtain life-ending medication. The plaintiffs allege that the Act unlawfully discriminates against disabled persons and violates both the Due Process and Equal Protection Clauses of the Constitution. The defendants, the Governor, the Director of the Department of Public Health, and the Department, have not yet answered the complaint but have opposed the pending motion for a preliminary injunction. They argue that the Act lawfully creates a needed healthcare option for interested and qualified terminal patients, providing them with control over their end-of-life care in keeping with their personal beliefs and desire to avoid prolonged pain and suffering.

Before the Court is a motion by several parties to intervene, as of right or permissively, as defendants to the action in support of the Act. The proposed intervenors are four individuals and an advocacy organization, each of whom support the healthcare option set forth in the Act. One proposed intervenor, Deb Robertson, is the namesake of the law, which is alternatively known as "Deb's Law" based on her advocacy for end-of-life care such as that allowed by the Act. The plaintiffs oppose the intervention, while the defendants report that they take no position.

Intervention is governed by Federal Rule of Civil Procedure 24(a) (of right) and 24(b) (permissive). The two forms have different requirements, but they both require that the application be timely. *Cook Cnty., Illinois v. Texas*, 37 F.4th 1335, 1341 (7th Cir. 2022). The Seventh Circuit has identified four considerations when evaluating the timeliness of an intervention request: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the

prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances." *Id*.

Under this standard, the plaintiffs contend that the motion in this case, which was filed on August 25, 2026, must be denied as untimely. They note that this lawsuit has been on the books since June 11 and that it was highly publicized when filed. One of the proposed intervenors—CCAN—issued a press release about the case that day. CCAN has also been involved in litigation over end-of-life statutes in other states, and plaintiffs point out that CCAN moved to intervene in a New York case and Delaware case within 11 days of their filing, as opposed to the two-and-a-half months here.

The proposed intervenors do not dispute that they knew of the lawsuit on the day it was filed. Their sole argument is that their motion is timely because it was filed "only" two months after the complaint and "only" four weeks after the plaintiffs moved for a preliminary injunction. Beyond this they make no argument about timeliness except to cite cases in which intervention was allowed 19 months and after 2 months: *Reich v. ABC/York-Estes Corp*., 64 F.3d 316, 321-323 (7th Cir. 1995) (reversing and remanding with instructions to allow intervention); *Jeffries v. Swank*, 317 F.R.D. 543, 551 (N.D. Ill. 2016) (finding motion to intervene timely). In *Reich*, however, the court explained that the intervenors were reasonably diligent because they filed promptly after learning that their interests were impaired—when the party they thought would defend their position defaulted. 64 F.3d at 321. In *Jeffries*, the intervenor moved one month after "receiving and reviewing" the judicial orders entitling him to payments he had not received. 317 F.R.D. at 552. The intervenor was also one *pro se* plaintiff. Neither situation is comparable to that of the proposed intervenors here; they do not contend that they needed *any* time after suit was filed to know that their interests were affected by this case. And they do not cite any "unexpected development" after filing "which would excuse [their] delay." *See State v. City of Chicago*, 912 F.3d 979, 986 (7th Cir. 2019)

The plaintiffs further contend, and the court agrees, that they would be prejudiced by intervention at this time. The proposed intervenors wish to file a brief opposing the plaintiffs' motion for a preliminary injunction. The defendants' brief opposing the preliminary injunction was filed on August 18, nearly a week before the motion to intervene (August 24), with the plaintiffs' reply brief due the next day and the parties having jointly requested a hearing the week of August 31 as part of their briefing schedule. Allowing intervention would force the plaintiffs to respond to another brief opposing their motion for a preliminary injunction after briefing between the parties ended and while they prepare for the hearing. And it is not possible for the court to allot them adequate time when the law they challenge is set to go into effect in 10 days. Everyone but the proposed intervenors has been proceeding on a condensed timetable.

The prejudice to the proposed intervenors in denying their motion would be that they lose the opportunity to file their brief opposing a preliminary injunction. As the court explains further below, however, the prejudice is minimal here because the defendants have already mounted a robust defense of the Act that does not materially differ from what the proposed intervenors wish to contribute.

Accordingly, the court concludes that for purposes of either intervention of right or permissive intervention, the proposed intervenors' motion is untimely. But the court would deny the motion regardless.

First, for purposes of Rule 24(a)(2), the proposed intervenors have not shown "the lack of adequate representation of the interest by the existing parties to the action." *See Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 686 (7th Cir. 2023) (citation omitted). The Seventh Circuit applies "three different standards for showing inadequacy depending on the relationship between the party and the intervenor," such that "the stronger the relationship between the interests of the existing party and the interests of the party attempting to intervene, the more proof of inadequacy we require." *Id*. at 688. The defendants contend that they are entitled to the "lenient" default standard that applies when "there is no notable relationship between the existing party and the applicant for intervention." *Id*. The plaintiffs advocate for the intermediate standard that applies when the named parties and the proposed intervenors share "the same goal." *Id*.

The court need not decide because even under the most lenient standard, the proposed intervenors do not sufficiently demonstrate that the representation of their interests by the existing defendants "may be inadequate." *See id*. This is not a nonexistent burden. *Id*. at 690. Here, the proposed intervenors do not establish that the defendants have failed to make any argument in furtherance of their interests. Comparing their proposed opposition brief to the filed brief of the defendants confirms this point; the proposed intervenors argue, as the defendants did, that the plaintiffs are not likely to succeed on the merits and cannot establish irreparable harm. These arguments are not tailored at all to any different perspective the proposed intervenors might offer. To the extent the brief would add anything, it addresses the public interest in the law going into effect from the perspective of individual patients as opposed to the public at large, as in the defendants' brief.

Indeed, the proposed intervenors' inadequacy argument centers on their "distinct interests": unlike the State defendants, they "would immediately be deprived of autonomy over their end-of-life care, denied access to a healthcare option that the Act made available, and lose the fruit of years of lobbying and advocacy." But the Seventh Circuit has made clear that "the comparison of interests determines which of the three adequacy tests applies" but "alone cannot also make the showing required under the default rule to prove inadequacy." *Bost*, 75 F.4th at 690. And although the individual proposed intervenors focus on their "personal stake" in the Act going into effect, the plaintiffs rightly point out that "none of the Movants claim that they plan to utilize [the Act] or even qualify for the law."

Nor is the argument persuasive that there is potential conflict that renders the defendants inadequate defenders of the proposed intervenors' interest. The proposed intervenors speculate that the defendants may be content to proceed slowly through "a lengthy briefing or discovery schedule," whereas they would "urgently" move the case forward. But those factors are within the court's discretion, not the defendants', and in any event, the case would not proceed on one track for the defendants and a faster one for the intervenors. And although the court sympathizes with the proposed intervenors' "strong interest in ensuring that this case is conducted with the sense of urgency…it demands, given their diagnoses," it is the proposed intervenors, not the defendants, poised to delay this case by means of their tardy attempt to intervene. Finally, the concern that the defendants could "agree[] to a settlement that would deprive Proposed Intervenors of access to this

important healthcare option" is beyond speculative; there is no compromise position available when one side seeks to invalidate a law that the other side seeks to defend but has no authority to change.

Second, with respect to permissive intervention, the proposed intervenors do not have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). They contend that they have a "defense," but what they articulate in an interest in seeing the Act go into effect—not a defense against any claim the plaintiffs have brought.[1] As the plaintiffs note, "Plaintiffs have no claim against Movants and could not possibly assert one."

Regardless, for permissive intervention, "the only required considerations by the district court are undue delay and prejudice to the rights of the original parties." *Bost*, 75 F.4th at 691. Even if the proposed intervenors had a relevant "defense" to present, these two required considerations go against them. They waited too long to try to jump into this case, and intervention would divert the court and the existing parties from the streamlined schedule in place to make sure the preliminary injunction motion is decided well before the effective date of the Act.

The proposed intervenors' discussion of their personal interests and their expertise on the Act and similar legislation, and their argument that their presence would be of assistance to the court sound less like arguments for intervention than arguments for appearing as amici curiae. *See Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (one relevant consideration is whether "amicus has a unique perspective, or information, that can assist the court"). They are welcome to bring such a motion at an appropriate time. But, for the reasons set forth here, the motion to intervene is denied.

Date: September 2, 2026

John J. Tharp, Jr.
United States District Judge

[1] The proposed intervenors did not follow Rule 24(c), requiring that their motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought" but contend that their briefing on intervention and the proposed brief opposing the motion for a preliminary injunction "sufficiently apprise existing parties of Proposed Intervenors' intent to defend the Act against each of Plaintiffs' allegations."